UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TULSA KNOLLWOOD, L.L.C. | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.:  12-CV-527-TCK-PJC |
| | * | |
| (2) HARTFORD INSURANCE COMPANY | * | |
| OF THE MIDWEST, | * | |
| | * | |
| DEFENDANT | * | |
| | * | |

## NOTICE OF REMOVAL

COMES NOW, Defendant, Hartford Insurance Company of The Midwest ("HARTFORD"), through its undersigned counsel, and as a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3]   HARTFORD files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court.  HARTFORD respectfully shows as follows:

I.

On or about August 27, 2012, Plaintiff, TULSA KNOLLWOOD L.L.C., filed a Petition in the District Court in and for Tulsa County, Oklahoma, entitled *"Tulsa Knollwood LLC versus Harford Insurance Company of the Midwest*," bearing case number CJ-2012-04487. (A true and

---

[1]  *See* 42 U.S.C. §4001 *et seq.*

[2]  44 C.F.R. §62.23(f).

[3]  42 U.S.C. §4071(a)(1); *Sanz v. U.S. Security Ins. Co.*, 328 F. 3d 1314, 1316 (11th Cir. 2003).  *See also*, *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

1

correct copy of all pleadings filed in the record of the state court proceeding and the docket sheet are attached hereto as Exhibit A.)

II.

For the reasons that follow, HARTFORD hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, §1332, §1337 and §1367.

## A.    REVIEW OF PLAINTIFF'S PETITION

1.    At paragraph 1, Plaintiff alleges that it is an Oklahoma limited liability company with its principal place of business located at 1018 South 107th East Avenue, Tulsa, Oklahoma, and owns an apartment complex ("Knollwood Apartments") at the same address.

2.    At paragraph 2, Plaintiff alleges that Defendant is an Indiana corporation with its principal place of business located at 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana.

3.    At paragraph 23, Plaintiff alleges that the Defendant's alleged breach of the "Policies has resulted in damages to Knollwood in an amount in excess of $75,000.00."

4.    At paragraph 4, Plaintiff alleges that it has three Standard Flood Insurance Policies ("SFIP") issued by HARTFORD, bearing policy numbers 87-04725817-2010, 87-04725818-2010, and 87-04725810-2010. (The SFIP is a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(2); a copy of the SFIP is attached as Exhibit B; copies of the Flood Declarations Pages for each respective SFIP are attached as Exhibit C *in globo*.)

5.    At paragraphs 5 through 8, Plaintiff alleges that on April 14, 2011 the subject property sustained damages from surface water runoff and on April 24, 2011 Tulsa, Oklahoma received approximately five inches of rainfall. Plaintiff alleges that it made separate claims for

2

each incident under the SFIPs above.

6.      At paragraph 10, Plaintiff alleges that HARTFORD denied its claim.

7.      At paragraph 15, Plaintiff alleges that it appealed HARTFORD'S denial of the claim to FEMA.

8.      At paragraph 16, Plaintiff alleges that FEMA denied the Plaintiff's appeal.

9.      At paragraphs 19 through 23, Plaintiff alleges that HARTFORD breached the policies of insurance.

10.     At paragraphs 24 and 25, Plaintiff alleges that HARTFORD violated its duty to act in good faith and seeks an award of punitive damages.

11.     Therefore, Plaintiff seeks to be paid the proceeds from the SFIPs that were in full force and effect on the alleged dates of loss. As will be explained below, such claims are a direct claim for United States Treasury Funds, as all claims payments under SFIPs are made out of a segregated account containing Treasury Funds, as mandated by 44 C.F.R. Pt. 62, App. A, Article II.E.  *See Sanz v. U.S. Security Ins. Co.*, 328 F.3d 1314, 1316, n.1. ("Furthermore, all claims and expenses are paid out of the National Flood Insurance Fund in the U.S. Treasury.")

B.      **THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

12.     Congress underwrites all operations of the NFIP through the U.S. Treasury.  This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency.

13.     HARTFORD, as a WYO Program carrier, is authorized to issue SFIPs on behalf of the federal government pursuant to the "*Arrangement*" between itself and FEMA, set forth at

3

44 C.F.R. Pt. 62, App. A.

14.     HARTFORD cannot waive, alter or amend any of the provisions of the SFIP.  *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(2), Art. VII.D.

15.     Further, HARTFORD has no authority to tailor, amend, or alter NFIP policies backed by the government.  44 C.F.R. §62.23.

16.     HARTFORD'S role, as a WYO Program carrier and as set forth in the *Arrangement*, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government.  It is clear that HARTFORD, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent of the United States."  *See,* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

17.     All flood claim payments made by a WYO Program carrier, such as HARTFORD, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. II.F.  In *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001), the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." Moreover, the Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998), citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987).

18.     Any judgment that might be rendered in this case against HARTFORD arising out of how it adjusted the Insured's SFIP claim would be paid by the federal government, and not by HARTFORD.  In *Shuford v. Fidelity National Prop. and Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007), the Eleventh Circuit noted that "a suit for benefits under the National Flood

Insurance Program raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the National Flood Insurance Program are paid from the federal treasury." *See also*, *Newton,* 245 F.3d at 1311 and FEMA's explanations to the Fifth Circuit in its *amicus curiae* brief in *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).

19.     The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979).   In *West*, 573 F.2d at 881, the original Fifth Circuit stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

## C.     FEDERAL JURISDICTION

### (1).     42 U.S.C. §4072 – Original Exclusive Jurisdiction

20.     42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the SFIP.   In *Shuford*, 508 F.3d at 1344, the Eleventh Circuit held that "we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law."

21.     Pursuant to 42 U.S.C. §4072, the United States District Court for the district encompassing the insured property as of the date of the loss has "original exclusive" jurisdiction to hear such a case.   *See Shuford,* 508 F. 3d at 1344; *Hairston v. Travelers Casualty & Surety*

5

*Co.*, 232 F.3d 1348 (11th Cir. 2000); *Seibels Bruce Ins. Co. v. Deville Condo. Assoc., Inc.,* 786 So. 2d 616 (Fla. App. 1 Dist. 2001).

22.     Plaintiff is aware of the requirement of filing suit in federal court as SFIP Article VII.R. clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss."   (Certainly HARTFORD is not suggesting that jurisdiction could be created by contract but is pointing out that the federal insurance policy puts all persons and entities on notice of where suit must be filed.)   As an alleged assignee of the insurance proceeds of a federal program, the Plaintiff is under the duty to familiarize itself with the requirements under this flood insurance policy. *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984).   Moreover, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this federal regulation and requirement under the policy.   *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

23.     In this case, Plaintiff alleges that it is due and owed for covered losses under the three SFIPs because HARTFORD allegedly breached its contracts of flood insurance.   Therefore, the Plaintiff has made claims arising out of how HARTFORD handled the flood loss claims under the SFIPs, thereby making removal proper pursuant to 42 U.S.C. §4072.

**(2).     28 U.S.C. §1331 - Federal Question Jurisdiction**

24.     HARTFORD asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(2) (the General Property Form of the SFIP) and is governed exclusively by federal laws and the NFIA.   As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as

6

amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(2), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C.§1331.

25. In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP, as well as the federal laws, regulations and statutes governing the SFIP. Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

26. Clearly, the payment that the Plaintiff seeks from HARTFORD under the SFIPs would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *See Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II.F.

27. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), HARTFORD asserts that there are multiple federal questions presented within the Plaintiff's Petition thereby making the action removable pursuant to 28 U.S.C. §1331.

**(3).    Diversity Jurisdiction under 28 U.S.C. §1332**

28. HARTFORD contends that there is complete diversity of the parties, that the amount in controversy exceeds $75,000, and that this matter is removable pursuant to 28 U.S.C. §1332.

29.    At paragraph 1 of the Petition, Plaintiff alleges it is an Oklahoma limited liability company with its principal place of business within Oklahoma.  At paragraph 2, Plaintiff alleges that HARTFORD is a foreign corporation with its location and principal place of business located in Indiana.  At paragraph 23, Plaintiff alleges that damages exceed $75,000.

30.    Section 1332(a) provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; …". The present matter, as pleaded by the Plaintiff, meets all criteria for this Court having original jurisdiction under §1332, and the matter is therefore removable.  28 U.S.C. §1446(c).

**(4).    Federal Jurisdiction Under 28 U.S.C. §1337**

31.    As an additional basis for federal jurisdiction, HARTFORD contends that 28 U.S.C. §1337 also applies to the case at bar.  As this Court is well aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce,...".

32.     In *C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004), the court in analyzing the structure of the NFIP under the *National Flood Insurance Act of 1968, as amended* held that:

States have no regulatory control over the Program's operations. [FN3].

FN3. The insurance industry in the United States operates in interstate commerce.  States may regulate the insurance industry only to the extent Congress permits.  U.S. Const. art. I, § 8, cl. 3.  The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.,* grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance."  15 U.S.C. § 1012(b).  In *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general."  *Id.* at 38, 116 S.Ct. 1103.  Without doubt

8

the NFIA is congressionally-enacted legislation relating to the business of insurance.

33.    Therefore, original jurisdiction in this Court is conveyed pursuant to 28 U.S.C. §1337.

34.    There is no concurrent subject matter jurisdiction in state courts.  *See Hairston v. Travelers Cas. & Surety Co.*, 232 F.3d 1348 (11th Cir.2000); *McCormick v. Travelers*, 103 Cal. Rptr.2d 258 (Cal. App. 1st. Cir. 2001), *review denied*; *Seibels Bruce Ins. Cos. v. Deville Condo. Assoc.*, 786 So.2d 616 (Fla. Dist. App. 1st Cir. 2001) (reversing a $900,000 judgment for lack of subject matter jurisdiction in state court); and *Battle v. Seibels Bruce Ins. Co.,* 288 F. 3d 596 (4th Cir. 2002) (wherein the Fourth Circuit vacated an order remanding the case to state court).

## D.    SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

35.    To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 2620 (2005).

36.    All of the claims put at issue in the Plaintiff's Petition arise from the property damage that were allegedly sustained as a result of covered flood losses.  As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claims, and all of the insurance issues arising therefrom.  Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type.  *See, e.g., Siebels, supra; Winkler v. State Farm Fire & Cas. Co.*, 266 F. Supp. 2d 509, 513-14 (S.D. Miss.

9

2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000).  Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F. Supp. 2d at 514.

**E.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

37.     HARTFORD notes that its first knowledge or notice of the suit was on August 30, 2012, when it was served upon Corporation Service Company.  <u>See Ex. A</u>.  The 30-day period in which to remove does not commence running until the defendant is actually served.  This Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

38.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 44 C.F.R. Pt. 61, App. A(2), Art. VII.R., as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

39.     Pursuant to 28 U.S.C. §1446(a) and Local Civil Rule 81.2, attached hereto as <u>Exhibit A</u> is a copy of all processes, pleadings, and orders served on HARTFORD to date along with a current copy of the docket sheet from the District Court for Tulsa County, Oklahoma.

**CONCLUSION**

WHEREFORE, Defendant, Hartford Insurance Company of the Midwest, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Respectfully submitted,


*/s/Michael A. Simpson*_____
John S. Gladd, OBA #12307
Michael A. Simpson, OBA #21083
Atkinson, Haskins, Nellis, Brittingham, Gladd &
   Carwile, P.C.
525 S. Main, Suite 1500
Tulsa, Oklahoma 74103
Telephone: 918-582-8877
Facsimile: 918-585-8096

*Counsel for Defendant*
*Hartford Insurance Company of the Midwest*


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

Brian Mitchell, Esq. (OBA#19529)
Chad Neuens, Esq.
Neuens Mitchell Freese, pllc
2021 S. Lewis, Suite 660
Tulsa, OK 74104
*Counsel for Plaintiff*


*/s/Michael A. Simpson*_____

11