

*1019385026*

DISTRICT COURT
**F I L E D**
AUG 27 2012

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| TULSA KNOLLWOOD, LLC, an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | **CJ-2012-04487** |
| vs. | ) | Case No.: |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST, | ) ) ) ) | Judge: |
| Defendant. | ) ) | DANA LYNN KUEHN |

### PETITION

Plaintiff, Tulsa Knollwood, L.L.C. ("**Knollwood**"), hereby submits its Petition asserting claims against Defendant, Hartford Insurance Company of the Midwest ("**Hartford**"). In support of its Petition, Knollwood states as follows:

#### Jurisdiction and Venue

1. Knollwood is an Oklahoma limited liability company with its principal place of business located at 1018 South 107th East Avenue, Tulsa, Oklahoma. Knollwood owns an apartment complex known as "Knollwood Apartments," located at 1018 South 107th East Avenue, Tulsa, Oklahoma ("**Apartment**").

2. Hartford is an Indiana corporation with its principal place of business located at 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana 46280-0014.

3. The District Court of Tulsa County, Oklahoma, is the proper jurisdiction and venue to litigate this dispute because the claims at issue in this case arose in Tulsa County, Oklahoma.



EXHIBIT A

## GENERAL ALLEGATIONS

4. Knollwood has 3 standard flood insurance policies with Hartford, Policy No. 87-047258172010, Policy No. 87-04725818-2010, and Policy No. 87-04725810-2010, collectively ("**Policies**").

5. On April 14, 2011 Knollwood called Hartford and submitted a claim ("**Initial Claim**") that related to a structural settling of the Apartment building that had resulted from surface water runoff from an adjacent property owned by the Oklahoma Department of Transportation ("**ODOT Property**").

6. On April 24, 2011 Tulsa, Oklahoma received a substantial rainfall of approximately five (5) inches.

7. On or about April 25, 2011, Knollwood again contacted Hartford (by phone) to submit a claim ("**Second Claim**") that related to additional structural damage suffered as a result of surface water runoff from the adjacent ODOT Property.

8. Subsequent to Knollwood's Second Claim, Hartford sent adjuster Leonard Bell ("**Adjuster**") to evaluate the damage to the Apartment building. After inspecting the damage, the Adjuster informed the representative of Knollwood that he believed Knollwood had an insurable, covered claim.

9. Thereafter, Hartford notified Knollwood that it was hiring an independent structural engineer to inspect the damage to the Apartment building.

10. On June 27, 2011 Harford issued a claim denial. Harford denied the claim on the basis that the damage identified in the claim did not fit within the definition of "Flood" as defined by the Policies.

11. Harford's claim denial was issued eight (8) days prior to Hartford hiring a structural engineer to evaluate the damage to the Apartment building and fifteen (15) days preceding the engineer's report.

12. Subsequent to Hartford's claim denial, Hartford hired William B. Ford, P.E. ("Ford") of Ford Engineering, to evaluate the damage to the Apartment building. On June 5, 2011, eight (8) days after the claim denial Ford performed his inspection.

13. On July 12, 2011 Ford issued a report that he admitted contained only his evaluation of the damages pertinent to the Initial Claim. Ford stated he was not made aware of and did not address additional damage to the Apartment building related to the Second Claim.

14. Ford confirmed that Hartford had not made him aware of any additional damage to the apartment building after April 14, 2011, that had resulted from the substantial amount of rainfall and related flooding that occurred on April 24, 2011.

15. On August 26, 2011 Knollwood's counsel sent a letter to the Federal Emergency Management Agency ("FEMA") that appealed Harford's decision to deny Knollwood's claims for damages.

16. On October 11, 2011 FEMA determined that there was not a general issue of flood for April 14, 2011 or April 24, 2011 and denied Knollwood's appeal.

17. On February 7, 2012 Knollwood hired Knox Inspection Services, Inc., ("Knox"), to inspect the structural and site drainage of the affected Apartment building.

18. Knox conducted a thorough inspection of the apartment building and concluded:

    a.) Storm water from the adjacent ODOT property discharges storm water run-off into the confined area between the Apartment building and the concrete retaining wall

located along the property line between the properties causing flood damage to the apartment building.

   b.)  ODOT's abandoned slabs allow water to overflow onto the area between the concrete retaining wall along the property line and the Apartment complex.

   c.)  The damage is directly related to erosion and variations in moisture that occurred along the confined area between the Apartment building and the concrete retaining wall along the west property line.

   d.)  The majority of the water that has caused the damage to the Apartment building comes primarily from the ODOT property.

   e.)  Variations in moisture cause soil to heave when they become saturated with water during wet seasons and then settle during dry summers causing significant structural damage.

   f.)  The discharge of water onto the west side of the property from water spilling over onto the apartment property from the ODOT Property to the west is the primary source for moisture that has caused both erosion and variations in moisture content of the soils and that has adversely affected the foundations and slabs of the Apartment building.

## COUNT I – BREACH OF CONTRACT

19. Knollwood incorporates the allegations set forth in Paragraphs 1 through 18 of the Petition as though fully set forth herein.

20. Hartford has breached Policy No. 87-04725817-2010 by denying the Initial Claim and Second Claim.

21. Hartford has breached the Policy No. 87-04725818-2010 by denying the Initial Claim and Second Claim.

22. Hartford has breached the Policy No. 87-04725810-2010 by denying the Initial Claim and Second Claim.

23. Harford's breach of the Policies has resulted in damages to Knollwood in an amount in excess of $75,000.00.

## COUNT II – BAD FAITH

24. Hartford's failure to provide coverage under the Policies for the Initial Claim and Second Claim constitutes a violation of their duty to act in good faith, or alternatively, has been an act of bad faith on their part.

25. Knollwood alleges that the failure to act in good faith and/or acts of bad faith of Hartford have been in willful, wanton, and in gross violation of their obligations as insurers, and that Hartford should be punished by an award of punitive damages to deter the Defendants and other companies so situated, from similar conduct.

WHEREFORE, Knollwood respectfully requests that this Court: (i) grant it judgment against the Defendant for breach of contract and bad faith in an amount to be determined at the trial of this matter; (ii) award it attorney fees and costs; (iii) award it exemplary and punitive damages as allowed by law; and, (iv) award it any and all other relief to which it may show itself entitled.

Brian L. Mitchell, OBA No. 19529
Chad M. Neuens, OBA No. 15402
Amy E. Hampton, OBA No. 20235
Neuens Mitchell Freese pllc
2021 S. Lewis Ave., Suite 660
Tulsa, Oklahoma 74104
Telephone: (918) 749-9334
Facsimile: (918) 749-9336
**ATTORNEYS FOR PLAINTIFF**

2. Article Number

7196 9008 9111 1352 2962

3. Service Type   **CERTIFIED MAIL™**

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

Hartford Insurance Company of the Midwest
c/o Corporation Service Company
251 East Ohio Street, Suite 500
Indianapolis, IN 46204

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   Tom Bricker

B. Date of Delivery

C. Signature
X   ☑ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes   ☐ No
If YES, enter delivery address below:

[Postmark: CIRCLE CITY STATION, INDIANAPOLIS IN 46204]

Reference Information
AUG 3 0 2012
2601.000
BLM-

PS Form 3811, January 2005   Domestic Return Receipt



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA



TULSA KNOLLWOOD, LLC, an Oklahoma )
limited liability company, )
)
            Plaintiff, )
vs. ) CJ-2012-04487
)
HARTFORD INSURANCE COMPANY ) Judge:
OF THE MIDWEST, )
)
            Defendant. )

## SUMMONS

To the above-named Defendant:

**HARTFORD INSURANCE COMPANY
OF THE MIDWEST
C/O CORPORATION SERVICE COMPANY
251 East Ohio Street, Suite 500
Indianapolis, Indiana 46204**

DISTRICT COURT
F I L E D
SEP -5 2012
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

_____
Authorized by Brian L. Mitchell, OBA #19529

    You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 27 day of 8, 2012.

**SALLY HOWE SMITH, COURT CLERK**
Tulsa County Court Clerk

By: Alex Graham
Deputy Court Clerk

(SEAL)

This summons was served on: 8/30/2012 . _____
                      (date of service)              (Signature of person serving summons)

*YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.*

**RETURN ORIGINAL FOR FILING**

# OSCN
## THE OKLAHOMA STATE COURTS NETWORK
www.oscn.net

| Home | Courts | Court Dockets | Legal Research | Calendar | Help |

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| TULSA KNOLLWOOD LLC,<br>    Plaintiff,<br>v.<br>HARTFORD INSURANCE COMPANY OF THE MIDWEST,<br>    Defendant. | No. CJ-2012-4487<br>(Civil relief more than $10,000:<br>BREACH OF AGREEMENT - CONTRACT)<br><br>Filed: 08/27/2012<br><br>Judge: Kuehn, Dana |

### Parties

HARTFORD INSURANCE COMPANY OF THE MIDWEST , Defendant
TULSA KNOLLWOOD LLC , Plaintiff

### Attorneys

| Attorney | Represented Parties |
|---|---|
| MITCHELL, BRIAN L(Bar # 19529)<br>NEUENS MITCHELL FREESE PLLC<br>2021 S LEWIS , SUITE 660<br>TULSA, OK 74104 | TULSA KNOLLWOOD LLC, |

### Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

### Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)
Filed by: TULSA KNOLLWOOD LLC
Filed Date: 08/27/2012

**Party Name:**

**Disposition Information:**

**Defendant:** HARTFORD INSURANCE COMPANY OF THE MIDWEST

Pending.

### Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 08-27-2012 | TEXT | 1 | | 82694943 | Aug 27 2012<br>11:08:14:573AM | - | $ 0.00 |

OCIS Case Summary for CJ-2012-4487- TULSA KNOLLWOOD LLC...    http://www.oscn.net/applications/oscn/getcaseinformation.asp?query...

| Date | Code | | ID | Timestamp | Status | Amount |
|---|---|---|---|---|---|---|
| | | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | |
| 08-27-2012 | CONTRACT | - | 82694945 | Aug 27 2012 11:08:15:073AM | Realized | $ 0.00 |
| | BREACH OF AGREEMENT - CONTRACT | | | | | |
| 08-27-2012 | DMFE | - | 82694946 | Aug 27 2012 11:08:15:223AM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | |
| 08-27-2012 | PFE1 | - | 82694947 | Aug 27 2012 1:41:52:123PM | Realized | $ 163.00 |
| | PETITION($ 163.00) *Document Available (#1019385026)* | | | | | |
| 08-27-2012 | PFE7 | - | 82694948 | Aug 27 2012 11:08:15:223AM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | |
| 08-27-2012 | OCISR | - | 82694949 | Aug 27 2012 11:08:15:223AM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | |
| 08-27-2012 | CCADMIN02 | - | 82694950 | Aug 27 2012 11:08:15:223AM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | |
| 08-27-2012 | OCJC | - | 82694952 | Aug 27 2012 11:08:15:223AM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | |
| 08-27-2012 | OCASA | - | 82694953 | Aug 27 2012 11:08:15:223AM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | |
| 08-27-2012 | CCADMIN04 | - | 82694954 | Aug 27 2012 11:08:15:223AM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | |
| 08-27-2012 | LTF | - | 82694955 | Aug 27 2012 11:08:15:903AM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | |
| 08-27-2012 | SMF | - | 82694956 | Aug 27 2012 11:08:15:963AM | Realized | $ 5.00 |
| | SUMMONS FEE (CLERKS FEE)($ 5.00) | | | | | |
| 08-27-2012 | SMIMA | - | 82694957 | Aug 27 2012 11:08:16:003AM | Realized | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | |
| 08-27-2012 | TEXT | - | 82694944 | Aug 27 2012 11:08:14:803AM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE KUEHN, DANA TO THIS CASE. | | | | | |

| Date | Code | Party | Doc# | Timestamp | | Amount |
|---|---|---|---|---|---|---|
| 08-27-2012 | ACCOUNT | - | 82694971 | Aug 27 2012 11:08:42:383AM | - | $ 0.00 |

RECEIPT # 2012-2427309 ON 08/27/2012.
PAYOR:NEUENS MITCHELL & FREESE PLLC TOTAL AMOUNT PAID: $218.70.
LINE ITEMS:
CJ-2012-4487: $168.00 ON AC01 CLERK FEES.
CJ-2012-4487: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2012-4487: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2012-4487: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2012-4487: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2012-4487: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2012-4487: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2012-4487: $10.00 ON AC81 LENGTHY TRIAL FUND.

| 09-05-2012 | S | - | HARTFORD INSURANCE COMPANY OF THE MIDWEST | 82787548 | Sep 6 2012 8:49:16:410AM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED ON HARTFORD INSURANCE COMPANY OF THE MIDWEST, SIGNED BY TOM BRICKNER? ON 8-30-12 BY CERTIFIED MAIL
📄 *Document Available (#1019450928)*

Report Generated by The Oklahoma Court Information System at September 20, 2012 10:33 AM

End of Transmission.